IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
UNITED STATES OF AMERICA,

        -against-                              Crim. No. 11CR676
                                                      (RJS)

IVAN CANALES,

                          Defendant.
-----------------------------------------------------------------x

## DEFENDANT'S MOTION FOR SEVERANCE

I.     PRELIMINARY STATEMENT

          Ivan canales was indicted with eight co-defendants and charged with participating in a wide ranging narcotics conspiracy that lasted for over one year. The indictment also charges co-defendant Ismael Canales with using a firearm in furtherance of the conspiracy.

II     IVAN CANALES' TRIAL SHOULD BE SEVERED FROM THAT OF HIS CO-DEFENDANTS

          Ivan Canales moves, pursuant to Federal Rule of Criminal Procedure 14, for a trial separate and apart from his co-defendants. The narcotics conspiracy described in the instant indictment involves 9 co-defendants involved in a long standing and wide ranging conspiracy. If the defendants all proceed to trial that trial itself would consume at least five weeks of Court time. If Ivan canales is tried by himself, the trial would last approximately four days.

          Ivan Canales is charged with participating in the conspiracy during a brief period and is not accused of making any direct sales to undercover agents or informants. If he is tried with all his co-defendants he will be unduly prejudiced by the spill over evidence contained in the numerous criminal acts unrelated to his case. The number of defendants and transactions placed before a jury in a "mega-trial" will operate to deny Ivan Canales a fair trial. United States v. Casamento, 887 F.2d 1141, 1149-54 (2nd Cir. 1989). The evidence admissible against the other defendants is

prejudicial to Ivan Canales and a separate trial should be held to avoid that prejudice. United States v Dione, 954 F.2d 839, 843 (2nd Cir. 1991).

In this instance Ivan Canales is not charged with possessing weapons or participating in any acts of violence. The weapons charge involving his co-defendant will be extremely prejudicial to his defense without having any probative value. The Supreme Court of the United States has held that severance is warranted where failure to sever would "prevent the jury from making a reliable judgment about guilt or innocence". United States v. Zafir, 506 U.S. 534, 539 (1993).

Although "substantial prejudice is not established merely because a defendant might have a better chance for acquittal at a separate trial," "[t]here comes a point, however, when it is obvious to the Court that no cautionary jury instructions can protect the right of a defendant to a fair trial and when that occurs, the severance should b e granted." United States v. Tutino, 883 F.2d 1125, 1130 (2d Cir. 1989), cert. Denied, 493 U.S. 1081 (1990). This point will be reached during the trial if the prosecution is permitted to put before the jury numerous drug sales, drug conversations and weapons charges not involving Ivan Canales.

Ivan Canales also requests permission to make further severance motions based upon the principles of Bruton v. United States, 391 U.S. 123 (1968). The defense requests copies of all co-defendant statements that the Government intends to introduce at trial. Until these statements are provided, Ivan Canales cannot determine if any Bruton issues exist.

### III.   IVAN CANALES REQUESTS PERMISSION TO JOIN IN THE MOTIONS OF HIS CO-DEFENDANT

Currently, Canales is joined in an indictment with other defendants. He requests permission to join in those motions made by any similarly situated co-defendant applicable to him. These motions may include requests for severance and suppression of electronically recorded conversations. This joinder will promote judicial economy, prevent unnecessary litigation and should be granted in the interest of justice. United States v. Feola, 651 F. Supp. 1068 (1987).

## CONCLUSION

  For the foregoing reasons, it is respectfully requested that the Court grant Ivan Canales' motion to sever and join in applicable motions filed by bo-defendants.

Dated: Brooklyn, New York
   November 17, 2011

                Respectfully submitted,


                s/_____
                JOHN BURKE
                Attorney for Defendant
                  IVAN CANALES
                26 Court Street -Suite 2805
                Brooklyn, New York   11242
                (718) 875-3707

TO: United States Attorney
   Southern District of New York
   One St. Andrew's Plaza
   New York, New York   10007
   Attention: Sarah Paul, Esq., AUSA