# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

June 15, 2012

**BY HAND DELIVERY**
Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
United States District Court
500 Pearl Street
New York, New York 10007

Re:     **United States v. Ismael Canales, 11 Cr. 676 (RJS)**

Dear Judge Sullivan:

I write on behalf of my client, Ismael Canales, in advance of his sentencing scheduled for June 29. For the reasons discussed below, the defense submits that a sentence of 120 months' incarceration is sufficient to affect the statutory sentencing objectives in this case.

On February 22, 2012, Mr. Canales pled guilty before the Court to one count of conspiring with others to distribute illegal narcotics in violation of 21 U.S.C. 841(b)(1)(A). The probation department calculates an advisory sentencing range of 151-188 months, with a mandatory minimum of 120 months.[1]

The longest period of incarceration Mr. Canales has served is 25 days. In light of all of the facts and circumstances discussed below, and based upon the factors to be considered in imposing sentence pursuant to 18 U.S.C. 3553(a), the defense submits that a sentence greater than 120 months would be greater than necessary to affect the statutory sentencing objectives.

---

[1]     According to the Probation Department, the parties miscalculated Mr. Canales criminal history in the plea agreement because the conviction listed in paragraph B(5) of the plea agreement was actually a violation of probation and no additional criminal history points should be assessed.

Hon. Richard J. Sullivan                    June 15, 2012
United States District Judge                Page 2

Re:   **United States v. Ismael Canales, 11 Cr. 676 (RJS)**

**Background**

    Ismael Canales was born in 1978 in the Bronx, NY.  He
is the fifth of six children born to his parents Ismael and
Milagros.  In 2009, Mr. Canales's mother moved to Florida to work
as a home attendant.  His father plans to join her there when he
retires from his job as a truck driver for the New York City
Housing Authority.

    Mr. Canales's parents raised him in the Bronx.  In
addition to their other work, his parents both minister at their
church.  The family has remained close over the years, with Mr.
Canales maintaining a close relationship with his mother even
after her move to Florida.  She writes to the Court that having
her son incarcerated has put a big hole in her heart.  See Exh. B
(Letter from Milagros Canales).  His father has attended Court
conferences to support Mr. Canales.

    As the Court can see from Mr. Canales's letter,
attached as Exhibit B, he apologizes to the Court and to his
family for his terrible decision to get involved in selling
drugs.  "I will forever regret my behavior that has led to this
point in my life," he explains.  See Exh. A (Letter from Ismael
Canales).  He asks the Court to please understand that his
mistakes are his alone and that his bad decisions are in no way
his parents' fault.  Id.  Mr. Canales is a father, himself, and
looks forward to the day he will get out of prison and can be a
true father to his son.  As he explains, "[a]ll I can do now is
be responsible for my actions and accept that I have made
mistakes and ask for forgiveness."  Id.

**A Sentence of 120 months is Sufficient in this Case**

    When imposing sentence, the Court is required to
consider all of the factors set forth in 18 U.S.C. § 3553(a) and
determine the appropriate sentence in each individual case.  See
United States v. Booker, 543 U.S. 220 (2005); see also United
States v. Fernandez, 443 F.3d 19 (2d Cir. 2006).  The Court must
impose a sentence that is "sufficient, but not greater than
necessary, to comply with the purposes set forth in paragraph 2."
Section 3553(a)(2) sets out those purposes:

        (A)  to reflect the seriousness of the offense, to
            promote respect for the law, and to provide just

Hon. Richard J. Sullivan                    June 15, 2012
United States District Judge                Page 3

Re:   **United States v. Ismael Canales, 11 Cr. 676 (RJS)**

                    punishment for the offense;

    (B)   to afford adequate deterrence to criminal conduct;

    (C)   to protect the public from further crimes of the
          defendant; and

    (D)   to provide the defendant with needed educational
          or vocational training, medical care, or other
          correctional treatment in the most effective
          manner.

To arrive at a correct sentence, the Court is further directed to
consider: (1) the nature and circumstances of the offense and the
history and characteristics of the offender; (2) the kinds of
sentences available; (3) the kinds of sentence and the sentencing
range established in the sentencing guidelines; (4) policy
statements issued by the Sentencing Commission; (5) the need to
avoid unwarranted sentence disparities among similarly situated
defendants; and (6) the need to provide restitution to any
victims of the offense.  See 18 U.S.C. § 3553(a)(1), (a)(3)-(7).

        As the Supreme Court made clear in Rita v. United
States, 551 U.S. 338 (2007) and re-emphasized in Gall v. United
States, 552 U.S. 38 (2007), there is no legal presumption that
the sentence called for by the advisory Guidelines, just one of
the Section 3553(a) factors, should apply in the district court.
See also, United States v. Dorvee, 604 F.3d 84, 93 (2d Cir. 2010)
(a court "may not presume that a Guidelines sentence is
reasonable for any particular defendant"). A sentencing judge
may therefore find that a "Guidelines sentence should not apply,
perhaps because (as the Guidelines themselves foresee) the case
at hand falls outside the 'heartland' to which the Commission
intends individual Guidelines to apply, USSG § 5K2.0, perhaps
because the Guidelines sentence itself fails properly to reflect
§ 3553(a) considerations, or perhaps because the case warrants a
different sentence regardless." Rita, 551 U.S. at 351. In every
case, the sentencing court will "not presume that the Guidelines
range is reasonable," but, instead, "must make an individualized
assessment based on the facts presented." Gall, 552 U.S. at 50.

        An individualized assessment of the § 3553(a) factors
and the facts presented by Mr. Canales's case indicates that a

Hon. Richard J. Sullivan                    June 15, 2012
United States District Judge                Page 4

**Re:   United States v. Ismael Canales, 11 Cr. 676 (RJS)**

120-month sentence is sufficient to affect the statutory
sentencing objectives.

        The period of incarceration Mr. Canales already has
served on this case is thirteen times longer than his longest
previous term of incarceration, which was 25 days.  A sentence of
ten years' incarceration is a severe punishment.  Mr. Canales
will miss all of his son's teenage years.  He accepts that his
offense was serious and that he must be punished, but a sentence
of 120 is sufficient to achieve the statutory sentencing
objectives of punishment, deterrence, rehabilitation and to
protect the community.  The Supreme Court has made clear that an
incarcerative sentence does not necessarily promote greater
respect for the law.  Gall, 552 U.S. at 54.  In fact, a prison
sentence that is too long actually results in derision of the
law.  Id.

        Mr. Canales has a plan for how he will use his time in
prison.  See Exh. C (Certificate of Achievement in Drug
Education).  As he explains to the Court, "I plan to use my time
in prison to achieve my GED and then to further my education.  I
am hoping to take a vocational program that will assist me to
learn the skills so I can earn a legitimate living.  I plan to
participate in the drug program and any other programs that will
assist me in my rehabilitation efforts."  Exh. A.  He already has
begun to do so.  While at the MCC, he completed the introductory
40-hour Drug Abuse Education Course.

        The prison term Mr. Canales already has served
following his arrest on this case has gone a long way toward
satisfying the statutory sentencing objectives.  As Mr. Canales
tells the Court, "I am determined to change my life and become a
better person.  I want the court to know what I know in my heart.
That is, [i]t is not too late to become the man I was meant to
be.  A good son to my parents as well as a good father and role
model for my son Ismael.  I want my son to look up to his father
and see me as someone he respects and admires.  This will be my
priority in the years to come."  Exh. A.

        The defense submits that a consideration of all of the
factors contained in 18 U.S.C. 3553 points to a sentence of 120
months.  This very severe sentence is sufficient to punish Mr.
Canales, to rehabilitate him, to deter both Mr. Canales and
others from engaging in criminal activity in the future, and to
protect society.  In consequence, the defense respectfully

Hon. Richard J. Sullivan                          June 15, 2012
United States District Judge                      Page 5

Re:   __United States v. Ismael Canales, 11 Cr. 676 (RJS)__

requests that the Court impose a sentence of 120 months.

          The defense also requests that the Court recommend to
the Bureau of Prisons that Mr. Canales be permitted to serve his
sentence as close to the New York City area as possible to allow
him to maintain family contacts.  Finally, we request that the
Court recommend to the Bureau of Prisons that Mr. Canales be
permitted to participate in the RDAP program and be permitted to
obtain maximum credit upon completion.  It is my understanding
that there often is a waiting list for the RDAP program and what
without this recommendation from the Court, Mr. Canales may not
be admitted to the program with sufficient time to complete it.

**Conclusion**

     In light of the "particular circumstances of [Mr. Canales's]
case," Kimbrough, 128 S.Ct. at 576, a prison term of 120 months
is sufficient to achieve the statutory sentencing directives.

                         Respectfully submitted,

                         Peggy Cross-Goldenberg
                         Assistant Federal Defender
                         212-417-8732

cc:  AUSA Sarah Paul
     AUSA Alvin Bragg

# Exhibit A

Subject:        Apology Letter

Date:           03/16/2012

To the Honorable Judge Sullivan:

      I would like to personally apologize to your Honor, to the court, and to my family for breaking the law and for my participation in illegal activities that bring me before your court. What I saw as a way to help support my family turns out to be what's destroyed my family.  I want my family to know how sorry I am for putting them through all of this because of my actions.  I will forever regret my behavior that has led to this point in my life.

      All I can do now is be responsible for my actions and accept that I have made mistakes and ask for forgiveness.  I would especially like to recognize my parents as good people and ask that the court understands that my activities are in no way the fault of their doing in raising me.

      I plan to use my time in prison to achieve my GED and to then further my education.  I am hoping to take a vocational program that will assist me to learn the skills so I can earn a legitimate living.  I plan to participate in the drug program and any other programs that will assist me in my rehabilitation efforts.

      I am determined to change my life and become a better person.  I want the court to know what I know in my heart.  That is, It is not to[o] late for me to become the man I was meant to be. A good son to my parents as well as a good father and role model for my son Ismael.  I want my son to look up to his father and see me as someone he respects and admires.  This will be my priority in the years to come.

      I ask your Honor for leniency in sentencing for the sake of my family.  I also ask your Honor to consider leniency for myself so that I can help raise my son and be there for him.  I want you to know I am committed to making these life changes.  Is has become clear to me that these changes must be made for the sake of my own future and for the future of my family. Thank you for taking the time to read this letter.

                       Respectfully yours,

                       Ismael Canales Jr.

# Exhibit B

Dear Judge,

This letter is in regard to the sentencing of Ismael Canales. I am the mother of Ismael. Your honor I write this letter like a mother I am. You should know the hard times I am going through and the pain this situation has caused. I would like for you to take in consideration my situation. In these past days I have been having a feeling to go see him but it hasn't been possible due to many reasons. This puts a really big hole in my heart to not be able to see my son in the process of him being convicted. God only knows how much I would love to see my son. Now all I want to ask is that you take consideration in the ruling of Ismael. There is a saying which says "If you don't want to do the time then don't do the crime" and I know Ismael has made mistakes but please I ask that you give him a second chance and lessen his sentence to a reasonable time. I ask this kindly and with a gentle heart may God bless you in your decision of my son's case.

Sincerely,

Milagros Canales

Milagros Canales (mother of Ismael)

# Exhibit C

# United States Department of Justice
# Federal Bureau of Prisons

## ISMAEL CANALES

has satisfactorily completed the
requirements for the forty hour
**DRUG ABUSE EDUCATION COURSE**
and is hereby awarded this

### Certificate of Achievement in Drug Education

_____
**D. A. P. Coordinator**

11/15/2011
**Date**

_____
**Drug Treatment Specialist**

© 1998 GOES 3812

LITHO. IN U.S.A.

# Exhibit D

Dear Judge,

This letter is regarding the sentencing of Ismael Canales which I consider my uncle. Let me start by saying that I am of some knowledge of what he is being sentenced to and what he is convicted of. I say that he probably deserves some time for his actions but I say not so long. I love my uncle a lot and I consider him as all my other uncles like my father. He has been of help to me in times and I really appreciate how much he loves me back and I have no doubt he would do anything for me if he could. So where I want to get to is that not everybody is perfect and people do make mistakes some bigger than others but as we all know there's consequences but I'm just asking that his consequences can be lower and that he can have a shorter sentence. Right now I am the stronghold for my grandmother which is the mother of Ismael Canales. It has been hard for the both of us but with God's help we have been hanging strong but it's not easy and to see Ismael in the condition he is in it hurts me a lot more. When I think about him it's like I am there with him in his holding cell in the jail that he is in and it feels as if my heart is being darted by a pin of agony and I can't stop the emotion to cry. So I know you have some say in this matter so I ask that you take this in consideration because I know God is with me and I know he won't let me down so I know he will have the last words but I just ask for your heart and facts in this one. Thank you for hearing my words and I hope this touches your heart as it has touched mine in many ways. I also hope you can lower his sentence to a less painful sentence and I know God will bless you.

Sincerely,

Ian Canales

Ian Canales (nephew)

# Exhibit E

February 29, 2012.

This Letter is to the Judge that is in charge of Ismael Canales JR's case. Your honor, my name is Pamela Miro. I am writting you because I care so much for Ismael. I love this guy so much.

Please don't be so harsh on him. He is a father. He has a son of 12 years. These are important years that his son would miss out on. He doesn't only take care of his son, other family also.

Please take all this into consideration. All the people that love him. He is not a bad guy. You would agree if you knew him personally. He comes from a nice humble family that will miss him dearly. I will keep praying. We are at your mercy.

Pamela Miro