UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

UNITED STATES OF AMERICA                     :

   -v.–                                                  :        11 Cr. 676 (RJS)

ISMAEL CANALES,                                    :

       Defendant.                           :

-------------------------------------------------------------x

THE GOVERNMENT'S SENTENCING SUBMISSION

PREET BHARARA
United States Attorney for the
Southern District of New York
One St. Andrew's Plaza
New York, New York 10007

Alvin Bragg
Sarah Paul
Assistant United States Attorneys
- Of Counsel -

The defendant is scheduled to be sentenced on June 29, 2012.  The Government respectfully files this submission in advance of the sentencing and in response to the defendant's sentencing submission.  The United States Probation Office calculated that the Guidelines range is 151 to 188 months' imprisonment.[1]  Based upon the defendant's prior criminal conduct and the scope and nature of the instant offense, the Government requests that the Court impose a sentence within the Guidelines range of 151 to 188 months' imprisonment.  Such a sentence would be sufficient but not greater than necessary to serve the purposes of sentencing, as it would reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the public from further crimes of the defendant, and afford adequate deterrence to criminal conduct.

## BACKGROUND

**A.      The Indictment and The Offense Conduct**

The Indictment charged the defendant with two counts.  Count One charged the defendant and eight co-defendants with, from at least in or about July 2010 up to and including in or about July 2011, conspiring to distribute and possess with intent to distribute (i) five kilograms and more of a mixture and a substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A); (ii) one kilogram and more of a mixture and a substance containing a detectable amount of heroin, in violation of Title

---

[1]As discussed more fully below, the defendant's plea agreement stipulated that the Guidelines range was 168 to 210 months' imprisonment.  The difference between the Guidelines calculations in the plea agreement and in the Presentence Investigation Report ("PSR") is that the plea agreement assessed the defendant a criminal history point for an offense that the Probation Office determined to be a probation violation and not a conviction.  As a result of this difference, the plea agreement placed the defendant in Criminal History Category III and the PSR placed the defendant in Criminal History Category II.  The PSR is correct.

21, United States Code, Sections 846 and 841(b)(1)(A); and (iii) 28 grams and more of a mixture and a substance containing a detectable amount of cocaine base, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(B).  Count Two charged the defendant, and the defendant alone, with using and carrying a firearm in relation to the charged drug conspiracy. Pursuant to a plea agreement, the defendant pled guilty to Count One.

As set forth in the Presentence Investigation Report ("PSR"), the investigation primarily involved (1) several controlled buys by an undercover agent and a confidential informant from the defendant of more than 200 grams of cocaine, approximately 95 grams of cocaine base and ten grams of heroin; (2) numerous wiretapped, drug-related conversations, including coded statements by the defendant about drug prices, the process of "pressing" drugs, the quality of drugs to be sold, and a firearm;[2] and (3) execution of search warrants for the apartments of the defendant, and three other co-defendants, Jonathan Rodriguez, Jose Medina and Javier Delarosa.  At the residences of the defendant and Rodriguez, the agents recovered cocaine and crack cocaine, along with narcotics paraphernalia, including ledgers, scales, and drug presses.  The agents also recovered a gun from the defendant's residence.

The defendant's primary role in the conspiracy was to supply illegal drugs to several of his co-conspirators, who in turn worked as street-level drug dealers.  (PSR ¶ 20.)  In addition, the defendant, Rodriguez, and Medina also supplied each other with heroin and cocaine when their other sources were unavailable; that heroin and cocaine was then resold to street level

---

[2]Paragraph 33 of the PSR describes a call during which Canales told his co-defendant Nikolaos Antonakos that he needed 40 grams of narcotics out of Canales' car and Canales warned Antonakos that a firearm was in the car.

dealers.  (Id.)  In total, the defendant was responsible for distributing approximately at least 10

kilograms of cocaine, 1 kilogram of heroin, and 150 grams of cocaine base.  (Id. ¶ 49.)

**B.      The Presentence Investigation Report and Guidelines Calculation**

The United States Probation Office (the "Probation Office") found that the

defendant's base offense level is 34, based upon the plea agreement's stipulation that the offense

conduct involved at least 10 kilograms of cocaine, 1 kilogram of heroin, and 150 grams of

cocaine base.  (Id. ¶ 55.)  The Probation Office added two levels, pursuant to Guidelines Section

2D1.1(b)(1), because the defendant possessed a firearm in connection with his drug trafficking

offense.  (Id. ¶ 56.)  Finally, the Probation Office deducted three levels for acceptance of

responsibility and, thereby, arrived at a final offense level of 33.  (Id. ¶ 64.)  These calculations

were the same as the ones the parties agreed to in the defendant's plea agreement.

The Probation Office also determined that the defendant has three criminal history

points and is in Criminal History Category II.[2]  (Id. ¶ 78.)  The Probation Office assessed the

defendant with one point apiece for convictions for attempted grand larceny in 2000, reckless

endangerment in 2001, and unauthorized use of a vehicle in 2003.  (Id. ¶¶ 69, 72, 74.)  The arrest

report relating to Canales' conviction in 2001 indicated that "Canales fired numerous shots at the

complainant."  (Id. ¶ 73.)  Notwithstanding the arrest report, Canales was sentenced only to 25

_____

[2]The plea agreement incorrectly calculated the defendant's criminal history points.  The
plea agreement assessed the defendant with one criminal history point for what appeared on his
criminal history record to be a conviction in 2005 for a general violation of New York criminal
procedure law.  The Probation Office determined that this conduct resulted in a probation
violation and not a conviction.  (PSR ¶ 102.)  Based upon a review of the defendant's criminal
history record by an investigator in the United States Attorney's Office, the Government agrees
with the Probation Office's conclusion.  The reduction of one criminal history point results in the
defendant being moved from Criminal History Category III to Criminal History Category II.  As
the PSR correctly states, the defendant's Guidelines range – based upon an offense level of 33
and a Criminal History Category of II – 151 to 188 months' imprisonment.

days' imprisonment.  (Id.)  The PSR also notes two other convictions for which it did not assess

the defendant any criminal history points: attempted criminal possession of stolen property and

falsely reporting to law enforcement an incident that did not occur.  (Id. ¶¶ 67, 76.)  The offense

conduct for these convictions took place in 1999 and 2007, respectively.[3]

## DISCUSSION

### A.    Applicable Law

The United States Sentencing Guidelines still provide strong guidance to the

Court following United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397

F.3d 103 (2d Cir. 2005).  Although Booker held that the Guidelines are no longer mandatory, it

also held that the Guidelines remain in place and that district courts must "consult" the

Guidelines and "take them into account" when sentencing.  Booker, 543 U.S. at 264.  As the

Supreme Court stated, "a district court should begin all sentencing proceedings by correctly

calculating the applicable Guidelines range" — that "should be the starting point and the initial

benchmark."  Gall v. United States, 552 U.S. 38, 49 (2007).

After that calculation, however, a sentencing judge must consider seven factors

outlined in Title 18, United States Code, Section 3553(a): (i) "the nature and circumstances of

the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (ii) the

four legitimate purposes of sentencing (which are described below), see id. § 3553(a)(2);

(iii) "the kinds of sentences available," id. § 3553(a)(3); (iv) the Guidelines range itself, see id.

---

[3] The defendant was also arrested on June 8, 2011 for criminal possession of a controlled
substance in state court.  The Government believes that this arrest was for conduct relating to the
instant federal case.  (PSR ¶ 80.)

4

§ 3553(a)(4); (v) any relevant policy statement by the Sentencing Commission, see id.

§ 3553(a)(5); (vi) "the need to avoid unwarranted sentence disparities among defendants," id.

§ 3553(a)(6); and (vii) "the need to provide restitution to any victims," id. § 3553(a)(7).  See

Gall, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a

sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing,

which are:

| | |
|---|---|
| (A) | to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; |
| (B) | to afford adequate deterrence to criminal conduct; |
| (C) | to protect the public from further crimes of the defendant; and |
| (D) | to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. |

18 U.S.C. § 3553(a)(2).

## B.     A Guidelines Range Sentence Is Appropriate

The defendant engaged in a significant drug trafficking conspiracy, which spanned

at least a year in length and involved at least 10 kilograms of cocaine, 1 kilogram of heroin, and

150 grams of cocaine base.  The defendant made repeated purchases of large quantities of illegal

narcotics that he then resold to multiple street-level dealers.  While the Government is not aware

of any specific acts of drug-related violence by the defendant, drug trafficking is inherently

dangerous conduct.  And here, Ismael Canales possessed a firearm in connection with the drug

trafficking conspiracy.  In addition, the defendant has three prior convictions, including a

conviction that apparently arose from him firing "numerous shots" at another person.  (PSR

¶ 73.)  As the Probation Office observed, Canales' prior convictions and sentences did not deter him.  (PSR at 25.)  To the contrary, the instant conviction represents the defendant's most serious conviction.  In the Government's view, a Guidelines sentence is warranted to deter the defendant from further criminal conduct and to protect the public from further crimes of the defendant, as well as to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense.

## CONCLUSION

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range of 151 to 188 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Respectfully submitted,

PREET BHARARA
United States Attorney


By: _____/s/_____
    Alvin Bragg/Sarah Paul
    Assistant United States Attorneys
    Tel.: (212) 637-1085/2326