UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNITED STATES,

                 v.                          11 CR 676
                                         (RJS)

IVAN CANALES,

                        Defendant.

-------------------------------------------------------x

<u>SENTENCING MEMORANDUM ON
BEHALF OF IVAN CANALES</u>

                                      JOHN BURKE
                                      Attorney for Ivanh Canales
                                      26 Court Street - Suite 2805
                                      Brooklyn, New York 11242
                                      (718) 875-3707

TO:  United States Attorney
       Southern District of New York
       One St. Andrew's Plaza
       New York, New York 10007
       Attention:   Sara Paul, Esq.,   AUSA

JOHN M. BURKE
    Attorney at Law                                   26 Court Street - Suite 2805
                                                             Brooklyn, New York  11242
                                                             Tel: (718) 875-3707
                                                             Fax: (718) 875-0053

August 7, 2012

Honorable Richard J. Sullivan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York  10007

                              Re.:   United States v. Ivan Canales
                                           11 CR 676 (RJS)

Dear Judge Sullivan:

       I am writing on behalf of my client, Ivan Canales, to request that the court be merciful and impose a sentence at the statutory minimum of <u>five</u> years.  Canales also asks that the instant sentence be ordered to run concurrent to any sentence imposed on his Indiana case.  He is a non-violent offender currently in rehabilitation for severe arm injuries and he implores the Court to send him to a B.O.P. facility where he can receive appropriate medical treatment.

I.      THE ADVISORY GUIDELINE

       The Department of Probation has computed Mr. Canales' total offense level as <u>23</u> and in Criminal History Category this yields a guideline sentencing range of 57 to 71 months.  <u>P.S.R.</u>[1] parg. 78. Since Canales' conviction calls for a mandatory <u>five</u> year term of imprisonment, the effective guideline range is 60 to 71 months.

---

      [1]Pre-Sentence Report

Honorable Richard J. Sullivan                                             August 7, 2012
United States District Court                                                        Page 2


II.     OFFENSE, CONDUCT AND ACCEPTANCE OF RESPONSIBILITY

       Ivan Canales played a small role in the overall narcotics conspiracy charged in the indictment.  His conduct in this offense was mostly limited to the brokering of one drug transaction that did not achieve fruition.  P.S.R. addendum pg. 21.

       Canales admits his guilt, accepts responsibility for his crime and promises to lead a law abiding life in the future.   Ivan Canales became involved with the narcotics scheme through his brother Ismael Canales and, although he did not play a central part in the overall conspiracy, he understands that his actions were criminal.

III.    PERSONAL HISTORY

       Ivan canales is a 32 year old United States citizen and a life long New York City resident.  This non-violent offender was the youngest of six children raised in in a Bronx working class environment  by Ismael and Milagros Canales.  Ivan's father works as a truck driver for the New York City Housing Authority and his mother is employed as a home attendant. Ivan has maintained a close and supportive relationship with his siblings and parents and he hopes to live with his mother in Florida when he is released from prison.

       Ivan began smoking marijuana at age 13 and began "clubbing" and drinking heavily at an early age.  He left high school in the 11th grade and asks the Court to permit him to receive educational and vocational training at his place of confinement.  After Ivan left school he was employed at a series of jobs in order to support himself and help his family.  He worked at Burger King, Friendly's Restaurant and other odd jobs.  Ivan Canales also developed an outstanding reputation as an excellent auto detailer and customizer.  He was able to support himself and is girlfriend from this work and hopes to return to it upon his release.

       In February of 2011 Ivan was involved in a serious head on automobile collision.  He was hospitalized for an extended period and was receiving physical therapy for arm injuries prior to this arrest   He asks that the Court recommend additional physical therapy as needed at his designated prison.

| | |
|---|---|
| Honorable Richard J. Sullivan | August 7, 2012 |
| United States District Court | Page 3 |

IV.   **FINES**

Ivan Canales objects to the imposition of a fine.  P.S.R. addendum pg. 23.  He is destitute and has no assets.  When Canales is released he will need whatever income he earns to support himself and his family.

V.   **IVAN CANALES ASKS THE COURT TO IMPLEMENT THE SENTENCING GOALS OF 18 U.S.C. 3553(a)**

Apart from consideration of departures under the now "advisory" Guidelines, 18 U.S.C. §3553(a) requires courts to "impose a sentence sufficient, <u>but not greater than necessary</u>, to comply with the purposes set forth in paragraph 2 of this subsection."  Section 3553(a)(2) states that such purposes are:

> (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)   to afford adequate deterrence to criminal conduct;
>
> (C)   to protect the public from further crimes of the defendant; and
>
> (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs the sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to any victims of the offense.

Other statutory sections also give the district court direction in sentencing.  Under 18U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, a sentencing judge is required to

"recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation."

| | |
|---|---|
| Honorable Richard J. Sullivan | August 7, 2012 |
| United States District Court | Page 4 |

Under 18 U.S.C. §3661, "[n]o limitation shall be placed on the information concerning the background, character or conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Indeed, the directives of United States v. Booker, 593 U.S. 220 (2005), United States v. Crosby, 397 F.3d 103 (2nd Cir. 2005) and §3553(a) now make clear that courts must consider all of the factors in §3553(a), many of which the Guidelines either reject or ignore. For example, under 3553(a)(1) a sentencing court must consider the "history and characteristics of the defendant." Under the Guidelines, however, courts are generally discouraged from considering a defendant's age, U.S.S.G. §5H1.1., his education and vocational skills, §5H1.3, his physical condition including drug or alcohol dependence, §5H1.4, his employment records, §5H1.5, his family ties and responsibilities, §5H1.6, his socio-economic status, §5H1.10, his civic and military contributions, §5H1.11, and his lack of guidance as a youth, §5H1.12. The Guideline's prohibition of considering these factors cannot be squared with the 3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant. See Simon v. United States, 361 F. Supp. 35, 40 (E.D.N.Y. 2005). Additionally, in some cases, the Guidelines will clash with §3553(a)'s primary directive: "to impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing.

In sum, under Booker and Crosby, the Guidelines are not binding and courts need no longer justify a sentence outside of them by citing factors to take the case outside the "heartland".  Courts are now free to disagree, in individual cases and in the exercise of discretion, with the actual Guidelines range, so long as the ultimate sentence imposed is reasonable and supported by reasons tied to the §3553(a) factors.

An analysis of the § 3553(a) factors in this case militates in favor of Mr. Canales and the imposition of a sentence below the Guidelines range.

Honorable Richard J. Sullivan                                          August 7, 2012
United States District Court                                                  Page 5


1)      <u>NATURE AND CIRCUMSTANCES OF THE OFFENSE</u>

     Ivan Canales admits his guilt and accepts responsibility for his criminal acts. While mindful of the serious nature of Canales' crime of conviction the defense believes that Ivan actually became involved with the conspiracy due to his personal relationship with his brother.    His crime chiefly consisted of negotiating a narcotics transaction that was not completed.

2.      <u>HISTORY AND CHARACTERISTICS OF THE DEFENDANT</u>

     Ivan Canales is a 32 year old non-violent offender. The defense would like to incorporate by reference those arguments and facts contained in Section III of this letter.

3.      <u>THE KINDS OF SENTENCES AVAILABLE</u>

     There is a 5 year mandatory minimum sentence due to the nature of the conviction. <u>P.S.R. parg.77</u>.

4.      <u>THE GUIDELINES SENTENCING RANGE AND GUIDELINES POLICY STATEMENT</u>

     The Supreme court's decision in <u>Booker/Fanfan</u> requires sentencing courts to treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a). As the Supreme Court held, the now revised Sentencing Reform Act ("SRA")

> requires a sentencing court to consider Guideline ranges, *see* 28 U.S.C.A. §3553(a)(4) (Supp. 2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, *see* §3553(a).

<u>Booker</u>, 125 S. Ct. at 757.

Honorable Richard J. Sullivan                                              August 7, 2012
United States District Court                                                      Page 6


     The issue then becomes, what weight should be given to the Guidelines. That question was left unresolved by Booker/Fanfan and by Crosby's direction to district judges to "consider" the guidelines. Canales believes that the guidelines are entitled to no greater weight than that afforded to the other factors listed in §3553(a). In sum, in every case, a sentencing court must now consider all of the Section 3553(a) factors, not just the Guidelines, in determining a sentence that is sufficient but not greater than necessary to meet the goals of sentencing.

     We also note that under the now "advisory" Guidelines, the sentencing court is not bound by the formerly applicable departure rules when it bases its decision to impose a non-Guidelines sentence on 3553 factors. The defense requests a guideline sentence of five years or 60 months.

     5.    CANALES REQUESTS MEDICAL CARE, AND EDUCATIONAL TRAINING PURSUANT TO 18 U.S.C. §3553(2)(b)

     Canales requests that he be sent to a B.O.P. facility where he can receive physical therapy for his arm and educational counseling.

     6.    REFLECTING THE SERIOUSNESS OF THE OFFENSE, PROMOTING RESPECT FOR THE LAW, PROVIDING JUST PUNISHMENT, DETERRING CRIMINAL CONDUCT, PROTECTING THE PUBLIC

     18 U.S.C. §3553(a) requires courts to impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant and to provide the defendant with needed educational or vocational training. All of these sentencing objectives can be attained by imposing a five year sentence concurrent with any Indiana sentence that may be imposed. See P.S.R. Sentencing Recommendation pg. 22.

Honorable Richard J. SullivanAugust 7, 2012
United States District CourtPage 7


## CONCLUSION

      Ivan Canales beseeches the Court for mercy and begs that the Court sentence him to the five year statutory minimum.  His behavior was criminal but somewhat ancillary to the overall conspiracy.  Canales also asks to be sent to a B.O.P. facility in Florida close to his mother's residence.  His family and friends pray for his early release.[2]

Respectfully yours,

s/
JB/dwJOHN BURKE
Attorney for Ivan Canales


cc:United States Attorney
Southern District of New York
One St. Andrew's Plaza
New York, New York   10007

Attention:  Sara Paul, Esq., AUSA

---

[2] I have enclosed letters from Ivan Canales' family and friends in support of his sentencing requests.