**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

August 7, 2015

**BY ECF**

The Honorable Richard J. Sullivan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

        Re:    United States v. Ismael Canales
               11 Cr. 676 (RJS)

Dear Judge Sullivan:

       In response to the Court's inquiry, the Government respectfully submits this letter to address the defendant's eligibility for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), in light of the recent amendments to the Sentencing Guidelines (the "Guidelines") for most offenses involving controlled substances.  As set forth more fully below, the defendant is eligible for a reduction in sentence to a sentence within the Guidelines range of 121 to 151 months' imprisonment, and the Government does not object to a reduction in sentence to a term of imprisonment within that range.

         A.      Background

       On or about February 22, 2012, the defendant pleaded guilty to conspiracy to distribute and possess with the intent to distribute cocaine, heroin, and crack, in violation of 21 U.S.C. §§ 841(b)(1)(A), 841(b)(1)(B) and   846.   The defendant pleaded guilty pursuant to a plea agreement.

       On or about June 29, 2012, the Court held a sentencing hearing.  At the sentencing, the Court found that defendant's criminal history category was II, the applicable Guidelines offense level was 33, and the applicable Guidelines range was 151 to 188 months' imprisonment, with a mandatory minimum term of 120 months' imprisonment.   The Court imposed a below-Guidelines sentence of 150 months' imprisonment.  The defendant did not appeal his conviction or sentence.

       The defendant's current projected release date is April 16, 2020.

August 7, 2015
Page 2

      B.      Applicable Law

In its recent Amendment 782 to the Guidelines, which became effective November 1, 2014, the Commission lowered the penalties for most drug offenses by reducing most offense levels on Section 2D1.1's Drug Quantity Table by two levels. This amendment affects not only defendants sentenced under Section 2D1.1, but also any defendant sentenced under a guideline that used the Drug Quantity Table in a cross-reference. *See, e.g.,* U.S.S.G. § 2D1.5 (CCE); U.S.S.G. § 2S1.1(a) (money laundering). In Amendment 788, the Commission decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. Thus, many defendants – potentially the defendant in this case – have become eligible for a sentence reduction pursuant to the recent amendments.

The process for considering a Section 3582(c) motion is well established. As the Supreme Court has made clear, Section 3582(c) "does not authorize a . . . resentencing proceeding." *Dillon* v. *United States*, 560 U.S. 817, 825 (2010). Rather, it provides only for the possibility of "a limited adjustment to an otherwise final sentence" following a "two-step approach." *Id.* at 826-27.

"At step one, § 3582(c)(2) requires the court to follow the Commission's instructions . . . to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." *Id.* at 827. As to whether the defendant is eligible for any reduction, "§ 1B1.10(b)(1) requires the court to begin by 'determining the amended guideline range that would have been applicable to the defendant' had the relevant amendment been in effect at the time of the initial sentencing." *Id.* (quoting U.S.S.G. § 1B1.10(b)(1) (alteration omitted)). If, for any of a number of reasons, the amendment – here, the amendment to Section 2D1.1's Drug Quantity Table – would not have altered the defendant's sentencing range even if it had been applicable at the time of the defendant's sentencing (for example, where the defendant was sentenced as a career offender, or where the bottom of the range was established by a statutory mandatory minimum sentence), then the defendant is not eligible for a sentencing reduction. *See* U.S.S.G. § 1B1.10(a)(2)(B). ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment . . . does not have the effect of lowering the defendant's applicable guideline range.")

Similarly, as to the extent of any possible sentencing reduction, "Courts generally may not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range" produced by the amendment. *Dillon*, 560 U.S. at 827 (internal quotation marks omitted). Although, at one time, there was ambiguity over whether a Court might reduce a defendant's sentence to something less than the minimum of the amended Guidelines range if the defendant had originally received a departure or variance below his original Guidelines range, the Commission has now made clear that even where a defendant originally received a below-Guidelines sentence, he nonetheless may not have his sentence reduced to one that is below the new, amended range; the sole exception being a defendant who previously received a departure based on substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B) [relating to substantial assistance], the court shall not

August 7, 2015
Page 3

reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range[.]"; *United States* v. *Erskine*, 717 F.3d 131, 137-41 (2d Cir. 2013) (recognizing that current version of Section 1B1.10 prohibits reductions below the bottom of the amended range, irrespective of departures or variances granted at the original sentencing).

"At step two of the inquiry," if the defendant has been determined to be eligible, and the extent of his eligibility has been established, the Court must decide in light of the applicable Section 3553(a) factors whether to grant a reduction "in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.  This decision is committed to the Court's discretion. *See United States* v. *Mock*, 612 F.3d 133, 137 (2d Cir. 2010) ("If, and only if, a defendant is eligible for a reduction in sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10, then the second step of the analytical framework set forth in Dillon requires the district court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.") (internal quotation marks omitted).

Finally, solely with respect to sentence reduction motions based on Amendment 782 – the amendment at issue here – the Commission has imposed one more important limitation. Specifically, the Commission has directed that a "court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." *See* U.S.S.G. § 1B1.10(e)(1).  Accordingly, any defendant whose existing sentence will result in his release prior to November 1, 2015 is not eligible for a sentence reduction, and the Court may not reduce any other defendant's sentence to such a degree that it would result in a release date earlier than November 1, 2015.

C.      Discussion

Applying the amended Guidelines, the defendant's total offense level is 31, resulting in an amended Guidelines range of 121 to 151 months.  Since the defendant's original sentence of 150 months is higher than the bottom of this amended Guidelines range, the defendant is eligible for a reduction.   Section 1B1.10(b)(2)(A) and (B) provide, however, that the defendant's sentence may not be reduced any lower than the bottom of the amended Guidelines range *unless* the defendant was a Government cooperator who originally received a below-Guidelines sentence pursuant to a substantial assistance motion by the Government:

> (A) Limitation—Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended  guideline range determined under subdivision (1) of this subsection.

> (B) Exception for Substantial Assistance—If the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing pursuant to a government motion to reflect the

August 7, 2015
Page 4

> defendant's substantial assistance to authorities, a reduction comparably less than the amended guideline range determined under subdivision (1) of this subsection may be appropriate.

U.S.S.G. § 1B1.10(b)(2).

Here, the defendant was not sentenced pursuant to a government motion based on his provision of substantial assistance.  Accordingly, he is eligible to have his sentence reduced to a term of imprisonment no lower than the bottom of the amended Guidelines range of 121 to 151 months.

In this case, the Probation Office's Supplemental Presentence Report notes that the defendant has received disciplinary sanctions for violence or assaultive behavior while incarcerated for the instant offense.  However, a review of the defendant's prison records indicates that the defendant has been sanctioned on only one occasion, on or about January 7, 2012, for assaulting another inmate without causing serious injury to that inmate.  As a result of this incident, the defendant spent fifteen days in the secured housing unit and lost commissary privileges for two months.  Considering the nature and the age of this incident, and in light of the fact that the defendant has not been subject to any disciplinary sanctions since that time, the Government is of the view that the defendant's prison disciplinary records do not counsel against a sentence reduction.  Further, while the defendant possessed a firearm in connection with the offense of conviction, the defendant's possession of that firearm was factored into his original sentence, and there are no additional or new concerns with respect to violence.  In light of these factors, the Government does not object to a sentence within the new amended Guidelines range of 121 to 151 months' imprisonment.

Respectfully submitted,

PREET BHARARA
United States Attorney for the
Southern District of New York

By:_____/s/_____
   Sarah E. Paul
   Assistant United States Attorney
   (212) 637-2326

cc:    Peggy Cross, Esq.
       U.S. Probation Officer Allyson Felix